## CADY *v*. TURNBULL.

### Opinion delivered January 28, 1905.

SALE—CONSTRUCTION OF CONTRACT.—A contract for the sale of a certain number of gunstocks of specified dimensions, for which a payment of thirty cents each was to be made "on consignment," and a balance of ten cents on receipt of the inspector's favorable report, contemplated that if the stock consigned corresponded to the requirements of the contract the seller was entitled to receive thirty cents for each gunstock before inspection, though some of the gunstocks upon subsequent inspection were rejected.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*Taylor & Jones*, for appellant.

*White & Altheimer*, for appellee.

BATTLE, J. John Turnbull sued H. G. Cady for the price of lumber furnished or delivered to the defendant under the following contract:

"Articles of agreement made and entered into this 24th day of March, 1899, between John Turnbull, of the county of Lincoln, and State of Kentucky, of the first part, and Henry G. Cady, of Pine Bluff, Ark., Witnesseth: That the first party hereby

agrees to deliver on or before June 1, 1899, at . . . . . . . . . station, on . . . . . . . . in the State of Kentucky, one carload of black walnut gunstocks, containing 2,500 or more gunstocks per car, for which said party of the second part agrees to pay first party forty cents each as follows: Thirty cents each upon consignment to United States armory at Springfield, Mass., the balance to be promptly paid upon receipt of and in accordance with the inspector's reports from said armory, which report shall accompany said final payment of forty cents each for all gunstocks so accepted by said armory, second party paying all freight. Said gunstocks shall be straight grained, free from sap, knots, checks, wormholes or other visible defects, shall be two and three-eighths inches thick throughout; one and three-fourths inches wide at small end, and six inches wide at butt; length fifty-two inches; if green, ends to be painted and conformed to pattern furnished by second party."

In compliance with this contract, plaintiff shipped for the defendant, at Crab Orchard Station, in Lincoln County, Kentucky, on the Louisville & Nashville Railroad, 2,500 gunstocks, or more, to the United States armory at Springfield, Mass. According to the preponderance of the evidence, they were of the description stipulated in the contract. The jury in this case so found, and returned a verdict for the plaintiff for $765, and the defendant appealed.

Two thousand and five hundred gunstocks were shipped to the United States armory at Springfield, Mass. There was no controversy about the shipment being in time, the parties agreeing upon the time when they were actually shipped. The thirty cents each to be paid on consignment to the United States armory was not made dependent by the contract upon any inspection, but upon the gunstocks shipped being such as are described in the contract. The ten cents for each, the remainder of the stipulated price, was to be paid upon the receipt of the inspector's report from the armory. The thirty cents were due before any inspection could be made at the armory, and, of course, was not dependent upon it. The jury allowed only thirty cents for each gunstock delivered, and there is evidence to sustain their verdict.

Judgment affirmed.

HILL, C. J., (dissenting.) The contract in question is inartistically and untechnically drawn, and literally bears the interpretation placed on it by the court. When taken together, however, and in connection with the working construction placed on it at the time the gunstocks were rejected, before any controversy arose between the parties, it seems clear that the parties intended that the payment for the gunstocks was to be subject to the action of the United States armory authorities in accepting or rejecting them. The payment of thirty cents was to be an advance, ten cents being reserved till acceptance, evidently under the belief that that sum would cover rejected articles; and it should have done so, under an honest and intelligent performance of the contract.

McCULLOCH, J., concurs herein.